■ GRACE CRILLEY, Respondent, v. ALLSTATE INSURANCE COMPANY, Appellant.— In an action pursuant to statute (Insurance Law, § 167, subd. 1, par. [b]), to recover from the defendant insurance company the amount of a judgment previously obtained by the plaintiff in a negligence action against its insured (her husband, Daniel Crilley), the defendant insurer appeals: (a) from an order of the Supreme Court, Queens County, dated September 7, 1962, which granted plaintiff's motion for summary judgment, striking out defendant's answer; and (b) from the judgment of said court, entered September 12, 1962 pursuant to said order, in plaintiff's favor for the relief demanded in the complaint. Order reversed, without costs; plaintiff's motion for summary judgment denied; judgment vacated; and summary judgment granted in favor of defendant dismissing the complaint. It is undisputed that plaintiff sustained her injury while she was a passenger in the automobile of her husband, Daniel Crilley; that at the time of the accident she and her husband were living apart under a separation agreement between them; and that defendant had issued a policy of liability insurance to the husband which was then in full force and effect. In our opinion, the definition in subdivision 8 of article X of the defendant's policy, to the effect that " 'spouse' means the spouse of the named insured if a resident of the same household ", is not a declaration of coverage. Such definition per se did not constitute compliance with the statute (Insurance Law, § 167, subd. 3), which provides that: " No policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse or because of injury to, or destruction of property of his or her spouse unless express provision relating specifically thereto is included in the policy." Rather, such policy definition represents a specification merely of what added benefits plaintiff would be entitled to receive were she a member of the insured's household. Since here the policy contained no

express provision extending coverage to the named insured for his liability for injuries to his spouse, the defendant is not liable and the plaintiff may not collect her damages from it pursuant to the statute (Insurance Law, § 167). And since it appears that defendant is entitled to a summary judgment as matter of law, such judgment is directed in its favor without the necessity of a cross motion (Rules Civ. Prac., rule 113, subd. 2). Beldock, P. J., Ughetta, Kleinfeld, Hill and Rabin, JJ., concur. [36 Misc 2d 306.]